Patrick C. English, Esq. (7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, Bellator Sport Worldwide, LLC

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BELLATOR SPORT WORLDWIDE, LLC,** | Civil Action No.: 2:10-CV-04091-DMC-JAD |
| **Plaintiff,** | Returnable November 15, 2010 |
| v. | |
| **ZUFFA, LLC, JONATHAN BROOKINS, MICKEY DUBBERLY, JOHN DOES 1-5,** | |
| **Defendants.** | |

### BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
### MOTION TO DISMISS

**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff,
Bellator Sport Worldwide, LLC

Patrick C. English, Esq.
On the Brief and of Counsel

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

COUNTERSTATEMENT OF THE RELEVANT
ALLEGATIONS IN THE COMPLAINT .............................................................................. 1

ARGUMENT ............................................................................................................................ 3

    A)  The Legal Standard .................................................................................................... 3

    B)  The Allegations In The Complaint Support A Claim For Tortious
        Interference With Contract ....................................................................................... 4

    C)  The Complaint States A Cause of Action for Tortious
        Interference With Prospective Economic Advantage ............................................. 7

    D)  The Fraud Count Is Not Directed At Zuffa ............................................................ 8

    E)  The Use of The Terms "Knew or Should Have Known" and "Willfully Ignored" Are
        Supportable As An Alternate Theory of Pleading.  That Issue, However Need Not Be
        Reached. ..................................................................................................................... 10

CONCLUSION ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

Agostino v. Quest Diagnostics,
256 F.R.D. 437 (D.N.J. 2009)......................................................................................11

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)......................................................................................................3

Cleveland v. Policy Management Systems Corp.,
526 U.S. 795 (1999)......................................................................................................8

Conley v. Gibson,
355 U.S. 41 (1957.........................................................................................................4

Dello Russo v. Nagel,
358 N.J. 254 (App. Div. 2003)......................................................................................6

Dewey v. Volkswagen, A.G.,
558 F.Supp. 2d 505 (D.N.J. 2008) ................................................................................8

Hedges v. United States,
404 F.3d 744 (3d Cir. 2005)..........................................................................................4

Hishon v. King & Spalding,
467 U.S. 69 (1984)........................................................................................................3

Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority,
103 F.3d 1165 (3d Cir. 1997)........................................................................................8

In the Matter of Beaubouef,
966 F.2d 174 (5th Cir. 1992) .......................................................................................11

Lightning Lube, Inc. v. Witco Corporation,
4 F.3d 1153 (3d Cir. 1993).......................................................................................4,5

Lobiondo v. Schwartz,
199 N.J. 62 (2009) ......................................................................................................11

Mandel v. UBS/Paine Webber, Inc.,
337 N.J. Super. 55 (App. Div. 2004) ............................................................................7

Masson v. New Yorker Magazine,
501 U.S. 496 (1991)....................................................................................................10

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

NY Times v. Sullivan,
376 U.S. 254 (1964)..................................................................................................10

Petersen v. Meggitt,
407 N.J. Super. 63 (App. Div. 2009) ........................................................................11

Printing Mart–Morristown v. Sharp Electronics Corp.,
116 N.J. 739 (1989) ..............................................................................................4,7,8

Rodin Properties–Shore Mall, NV v. Cushman and Wakefield of Pennsylvania,
49 F.Supp. 2d 728 (D.N.J. 1999) ................................................................................9

Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,
140 F.3d 478 (3d Cir. 1998)........................................................................................3

United States v. Hannigan,
27 F.3d 840 (3d Cir. 1994).......................................................................................11

U.S. v. Coyle,
63 F.3d 1239 (3d Cir. 1995).....................................................................................11

Warth v. Seldin,
422 U.S. 490 (1975)....................................................................................................3

Zirin v. VLI Corp.,
681 A.2d 1050 (Del. Supr. 1996).............................................................................11

**RULES**
F.R.C.P. 12(b)(6) ......................................................................................................1,3
F.R.C.P. 8...................................................................................................................8
F.R.C.P. 8(d)(3) ...................................................................................................8,9,11

**OTHER**
FCA 31 U.S.C. 3724 (a)(1)(A)).................................................................................11
FCA 31 U.S.C. 3(b)(1)(A)(i)(ii)(iii) ..........................................................................11

**PRELIMINARY STATEMENT**

Our colleagues representing, Zuffa, LLC have taken a relative easy path toward their motion to dismiss pursuant to F.R.C.P. 12(b)(6).  They have literally ignored the allegations contained in the Complaint, and then, contending that the Complaint contains insufficient allegations to withstand a motion under F.R.C.P. 12(b)(6)[1], argue it should be dismissed.

Were such a technique permissible every motion to dismiss on the pleading would be successful.   However, it is not, and if one considers the full complaint dismissal is inappropriate.

With that said, we will turn to the Counterstatement of Relevant Allegations in the Complaint.

**The Relevant Allegations In The Complaint.**

Bellator Sport Worldwide, LLC ("Bellator") is a prominent promoter of Mixed Martial Arts ("MMA").  Its programs are currently telecast on the NBC, Fox Sports, and Telemundo networks.  Complaint, ¶9.  Zuffa, LLC ("Zuffa") is a prominent MMA promoter more commonly known as the Ultimate Fighting Championship or the U.F.C.  Complaint, at ¶20.

Jonathan Brookins ("Brookins") is a MMA fighter.  Complaint, ¶3.  Bellator signed Brookins to an exclusive promotional contract.  Complaint at ¶10.  Under the terms of that contract, annexed as Exhibit "A" to the Complaint, Brookins could not engage in bouts for any promoter except Bellator without Bellator's permission.  *See* Complaint, ¶13 and Exhibit "A" to Complaint.

Brookins in fact fought for Bellator.  Complaint, ¶14.

---

[1] In its preliminary statement it is complained that the Complaint does not name the counsel for Bellator who telephoned counsel for Zuffa, LLC.  Given that this does not go toward a fraud allegation against Zuffa, there is absolutely no reason to plead with such particularity.  Obviously the question posed by Zuffa, LLC can be answered, but a F.R.C.P. 12(b)(6) motion is not the place for discovery.

The fact that Brookins was signed to Bellator was well known in the MMA industry and publicized, inter alia, on Bellator's website. Complaint, ¶16.

Bellator had the right, under the contract with Brookins, to seek injunctive relief if it believed Brookins was violating the contract. Complaint, ¶13(g) and Exhibit "A" to the Complaint.

The fact that a contracted fighter agrees to give exclusive rights to a promoter and the fact that the promoter under such a contract would have the right to seek injunctive relief in the event of breach are common contractual rights in MMA and any major promoter would expect such terms to exist. Complaint at ¶14.

The allegations against Zuffa here go beyond the allegations that Zuffa knew or should have known that Brookins was under contact with Bellator. Complaint, ¶21. It is alleged that Zuffa affirmatively hid the fact that Brookins was being used in its reality series. It is alleged that with knowledge of the right of Bellator to seek injunctive relief, defendants (Zuffa and Dubberly) literally hid Brookins involvement with the Zuffa series. Complaint, ¶¶25, 26.

The tortious interference with contract count (Count 1) incorporates the above allegations and alleges additionally that:

    a) Bellator had a valid contract with Brookins. Complaint, ¶28.

    b) That, inter alia, Zuffa and Dubberly acting in concert, knew of the contract between Bellator and Brookins. Complaint, ¶29.

    c) That, as an alternative pleading, if Zuffa denies knowledge of the contract between Brookins and Bellator, that under the circumstances here Zuffa's "alleged ignorance" was willful. Complaint, ¶31.

    d) That Zuffa is a third party to the contract. Complaint, ¶31.

    e) That Zuffa's actions were taken without justification or excuse. Complaint, ¶32.

    f) That the actions of Zuffa interfered with the contract between Bellator and Brookins. Complaint, ¶33.

    g) Though Zuffa states that damages by virtue of its actions are not alleged, in fact, with respect to Zuffa, LLC they are expressly alleged in paragraphs 33 and 37.

Thus the allegations contained in the Complaint are far greater than Zuffa purports them to be in its motion to dismiss.

## ARGUMENT

### A) The Legal Standard

In deciding a motion to dismiss pursuant to F.R.C.P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See* Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed. 2d 343 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. *See* Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed.R.Civ.P. 12(b)(6) standard. *See* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle

him to relief." <u>Twombly</u>, 127 S.Ct. at 1968 (citing <u>Conley</u>, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 127 S.Ct. at 1965.

A pleading's factual allegations are thus evaluated for sufficiency under a "plausibility standard." <u>Id.</u> at 1968. This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" that the pleader is entitled to relief. <u>Id.</u> at 1965.

"The defendant bears the burden of showing that no claim has been presented." <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005).

On a motion to dismiss on the pleadings the court "is not concerned with the ability of plaintiffs to prove the allegations contained in the complaint." <u>Printing Mart–Morristown v. Sharp Electronics Corp.</u>, 116 N.J. 739 (1989) agreeing with <u>Somers Construction v. Board of Education</u>, 198 F.Supp. 732, 734 (D.N.J. 1961).

### B) The Allegations In The Complaint Support A Claim For Tortious Interference With Contract.

It is apparent from Zuffa's submission that it intends an "ignorance" defense here. Citing <u>Lightning Lube, Inc. v. Witco Corporation</u>, 4 F.3d 1153 (3d Cir. 1993) Zuffa begins its substantive argument by stating "In order to succeed in an action alleging tortious interference with a contract plaintiff must first <u>demonstrate</u> actual knowledge of the contract in question. However, Zuffa ignores the fact that the ruling in <u>Lightning Lube</u> was not on a motion to dismiss on the pleadings. It was review of a dismissal <u>after discovery</u> and <u>after a three month trial</u>. <u>Lightning Lube</u>, *supra* at 1161. *See*, also the lower court opinion at 802 F.Supp. 1180 (D.N.J. 1992). The district court held, and the circuit court affirmed, that at the

end of that process there was insufficient evidence of knowledge of the contract alleged to be interfered with.  Lightning Lube, *supra* at 1178.

We are concerned at this stage with what was pled, not what will ultimately be proven after discovery and trial.

In fact, it is specifically alleged at paragraph 13(b) that Brookins, in order to gain the opportunity to fight for Bellator, agreed that Bellator would have the exclusive rights to promote all of his bouts.  Paragraph 14 alleges that any major promoter (of which Zuffa is one) would know of such a clause and expect it to exist.  Paragraph 13(c) states that Brookins agreed not to enter into any other contract, agreement or understanding which would interfere with Bellator's rights. In paragraph 14 it is alleged that any major promoter would know of and expect such a clause to exist.  The complaint at paragraph 13(g) alleges that Brookins agreed that Bellator would have the right of injunctive relief in the event of a breach.  In paragraph 14 it is alleged, and we are prepared to prove, that any major promoter would understand and expect such a term to exist.

It is alleged that Zuffa, with knowledge of the standard clauses in the Brookins contract, "affirmatively hid the fact that Brookins was being used in its reality series."  Complaint, ¶23.

In paragraphs 25 and 26 it is alleged that the right to seek injunctive relief is well known in combative sports contracts and Zuffa (as well as other defendants) would have been aware of this.  It is alleged that "with full knowledge" of the defendants (including Zuffa) hid Brookins involvement depriving Bellator of its primary remedy.  Complaint, ¶26.

5

The above allegations were incorporated by reference into the court alleging tortious interference with contract. Paragraph 29 reads: "Defendants Zuffa, Dubberly and John Does 1-2, acting in concert with Zuffa, knew of the contract between Bellator and Brookins."

The cited paragraphs of the Complaint are simply ignored in Zuffa's moving papers. However, they exist and cannot simply be wished away.

Zuffa accurately recognizes tortious interference with contract. Defendant at page 54 of its brief cites Dello Russo v. Nagel, [2] 358 N.J. 254, 268 (App. Div. 2003) (another case decided on summary judgment after discovery) as to the additional elements of the tort. First plaintiff must allege actual interference. Paragraphs 23, 26 and 33 certainly allege that. (E.g. "The actions of Zuffa… interfered with the contract between Bellator and Brookins… ." Complaint, ¶33.

Second, plaintiff must allege the interference was inflicted intentionally by a defendant not a party to the contract. The complaint at paragraph 31 alleges that Zuffa is a third party to the contract, a fact the court can clearly see by even a cursory review of the contract itself which is annexed to the complaint as Exhibit "A." Intent is expressly alleged at paragraph 26 of the complaint (alleging the hiding of Brookins' involvement to deprive Bellator of its primary legal remedy). *See*, also Complaint at ¶23.

The third prong is that there must be an allegation that the action complained of were taken without legal justification or excuse. While this is expressly alleged at paragraph 32 of the complaint ("the actions taken by Zuffa … were taken without justification or excuse") the allegation can certainly also be inferred from the allegations of paragraphs 14, 23, 25, and 26 as well, previously outlined.

---

[2] In Dello Russo is the correct names not "Russo" as stated in defendant's citation.

Finally, it must be alleged that the interference caused damage. That allegation is expressly contained in paragraph 33. "The actions of Zuffa… interfered with the contract between Bellator and Brookins <u>causing damage to Bellator thereby</u>." Certainly it can also be fairly inferred from the explanation as to why Bellator took the risk with Brookins by signing him in the first place, explained at paragraph 11 ("Bellator made the decision to run a risk with Brookins and attempt to rehabilitate him as an MMA fighter, in part, because it saw telecast potential in him as well as a developable talent.").

All the required elements of tortious interference with contract are pled, and Zuffa's motion should be denied.

### C) The Complaint States A Cause of Action for Tortious Interference With Prospective Economic Advantage.

The elements of tortious interference with prospective economic advantage in New Jersey are similar to those involving claims for tortious interference with contract, though technically they are separate torts. E.g. <u>Printing Mart–Morristown v. Sharp Electronics Corp.</u>, 116 N.J. 739, 750 (1989); <u>Mandel v. UBS/Paine Webber, Inc.</u>, 337 N.J. Super. 55, 79 (App. Div. 2004).

We have pled in the alternative here. We believe it highly probable at the end of the day that this court will be dismissed in favor of the count for tortious interference with contract. However, we do not know with certainty what the proofs will show; Brookins filed an answer denying every allegation in the complaint, including that he and Bellator entered into a contract.[3] We have no idea whatsoever why that denial occurred or whether there was any basis for the denial at all. We doubt it has any basis, but it is imprudent to fail to plead in the alternative.

---

[3] The answer is a matter of record in this case. For the convenience of the Court it is annexed to an accompany Certification of counsel as is the complaint.

7

"A party may state as many separate claims … as it has, regardless of consistency." F.R.C.P. 8(d)(3). Thus under F.R.C.P. 8(d)(3) plaintiffs are entitled to plead in the alternative. Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 805 (1999); Dewey v. Volkswagen, A.G., 558 F.Supp. 2d 505, 528-529 (D.N.J. 2008) (Note- the subparts of F.R.C.P. Rule 8 have been re-designated. The current applicable rule is as cited above.) Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority, 103 F.3d 1165, 1175 (3d Cir. 1997) and the numerous cases cited therein.

If, as we anticipate, the existence of the contract is ultimately admitted this count will go by the wayside. However, under the present posture of the case, it is too early for a dismissal.

Turning to the allegations one must make, it is well establish that they are similar. The seminal case is Printing Mart – Morristown v. Sharp Electronics, 116 N.J. 739 (1989) which reversed a trial court dismissal and which sets forth the elements at 751-752. There must be a prospective economic or contractual relationship. That allegation is sufficiently made in paragraph 11 (speaking toward the actions of Bellator to rehabilitate Brookins due to perceiving in his future "telecast potential" and a "developable talent." The complaint must allege that interference was done intentionally. That requirement is easily met, inter alia, through paragraph 35 alleging that the defendants, including Zuffa "hid the involvement of Brookins in the Zuffa series, precluding, intentionally Bellator from enforcing its legal rights." (emphasis added). It is also alleged in paragraph 26 of the complaint. It must be alleged that the harm was without justification or excuse. That it expressly alleged in paragraph 36 ("actions … were without justification and excuse").

Finally, there must be an allegations that the interference caused a loss of prospective gain. This is encompassed in the allegation at paragraph 37 that the actions of the defendants "caused damages to the plaintiff." Nothing more is required at this stage.

Zuffa cites Rodin Properties–Shore Mall, NV v. Cushman and Wakefield of Pennsylvania, 49 F.Supp. 2d 728, 737 (D.N.J. 1999) for the proposition that tortious interference with prospective advantage is duplicitous of a claim for tortious interference with contractual relations. This is, of course, true. However, in Rodin Properties a close reading reveals that there was seemingly no issue that a written contract existed. By virtue of the answer of Brookins that is not the case here. Thus discovery is necessary to determine the basis on which Brookins denied there was ever a written agreement. Probably his denial will be abandoned, but we simply do not know with certainty and until we do, an alternative pleading under F.R.C.P. 8(d)(3) is appropriate.

The fact that there was no controversy as to whether a contract existed, is probably why there was no discussion of the predecessor of F.R.C.P. 8(d)(3) in Rodin.

Under the present posture of the case it is premature to dismiss the count for tortious interference with prospective economic advantage.

### D)    The Fraud Count Is Not Directed At Zuffa.

Having pointed out a typographical error by Zuffa at footnote 2 of this brief, we acknowledge one ourselves in a caption. The Fraud Count (Court IV) is not intended to be directed at Zuffa. It is directed at Dubberly and Brookins, as the numbered allegations show. The caption ("against all defendants") is a typographical error.

The numbered allegation of the count, however makes that clear.

9

This does not mean that there may never be a claim against Zuffa for fraud. If it is shown through discovery that Zuffa actively colluded with Dubberly in his lying (actual fraud) or told or suggested to him that he not disclose the truth to Bellator (constructive fraud) we reserve the right to seek to amend the complaint but at this point the fraud count is not directed toward Zuffa.

### E) The Use of The Terms "Knew or Should Have Known" and "Willfully Ignored" Are Supportable As An Alternate Theory of Pleading. That Issue, However Need Not Be Reached.

There is language in the complaint, not relied upon in defending this motion, that Zuffa "knew or should have known" of the contract between Bellator and Brookins. This is not the first time Zuffa has been sued for tortious interference and there is a case currently pending in Nevada.

In that case, as we understand it, a defense is ignorance of the underlying contract. We do not believe that if a company takes an approach of intentional ignorance regarding the rights of other competitors in the same market it can take action to injure their rights with impunity.

While we need not do so for the purpose of this motion we believe we can develop law reflecting an analogy to the law of defamation. In defamation law it is not sufficient for a defendant to allege that it did not know that the statements/writings made were not true. It is sufficient for a plaintiff to show "reckless disregard for the truth." *See*, e.g. NY Times v. Sullivan, 376 U.S. 254 (1964); Masson v. New Yorker Magazine, 501 U.S. 496 (1991); Petersen v. Meggitt, 407 N.J. Super. 63, 76 (App. Div. 2009). The reckless disregard standard was promulgated precisely so a defendant could not remain willfully ignorant in a defamation context and escape the consequences of his actions by being willfully ignorant.

10

The reckless disregard standard has been expanded to other areas of the law, such as persons filing false claims under FCA (31 U.S.C. 3724 (a)(1)(A)).  The term knowingly in that context means a person who "i) has actual knowledge of the information or ii) <u>acts in deliberate ignorance of the truth</u> or falsity of the information or iii) acts in reckless disregard of the truth or falsity of the information." (emphasis added).  31 U.S.C. 3(b)(1)(A)(i)(ii)(iii).  The same standard has been adopted in a fraud context.  <u>Agostino v. Quest Diagnostics</u>, 256 F.R.D. 437, 457 (D.N.J. 2009); <u>Zirin v. VLI Corp.</u>, 681 A.2d 1050, 1061 (Del. Supr. 1996).  It has been expanded to the bankruptcy context.  E.g., <u>In the Matter of Beaubouef</u>, 966 F.2d 174 at 178 (5th Cir. 1992).  It has been extended to Slapp Suits.  <u>Lobiondo v. Schwartz</u>, 199 N.J. 62, 85 (2009).  Scienter can be found in a criminal context by showing a reckless disregard for the truth.  <u>U.S. v. Coyle</u>, 63 F.3d 1239, 1243 (3d Cir. 1995); <u>United States v. Hannigan</u>, 27 F.3d 840, 842 (3d Cir. 1994).

While we do not know of any case expanding the doctrine to the tortious interference context, the same considerations as in the cases cited above apply.  We believe we could, if it were necessary, argue that if a defendant were willfully ignorant of a set of contracted rights that defendant could be found to have tortiously interfered with that right.  Hence the alternate pleading (permitted by <u>F.R.C.P.</u> 8(d)(3)) using the words "knew or should have known" in the complaint at paragraph 21 and the allegation of "willful" ignorance at the end of paragraph 30 of the Complaint.

We do not need to flesh out this argument more fully at this time, as there are allegations which clearly meet the existing standard for pleading tortious interference with contract, as set forth in Point B herein.  However, we wanted the court to be aware that the use of the

11

language was an alternate pleading, which we believe we could support, if necessary, not simply sloppy language.

## CONCLUSION

For the reasons set forth herein the motion of Zuffa to dismiss on the pleadings should be denied.[4]

/s/ Patrick C. English, Esq. _____
Patrick C. English, Esq. (7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff,
Bellator Sport Worldwide, L.L.C.

Date: November 1, 2010

---

[4] We note that in the event that the court believes there to be a pleading defect we will request the right to replead to remedy that defect.

12