James I. Doty
Satterlee Stephens Burke & Burke LLP
33 Wood Avenue South
Iselin, New Jersey  08830
(212) 818-9200

Justin E. Klein, Esq.*
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10016
*Of counsel (pro hac vice application forthcoming)

*Attorneys for Defendant Mickey Dubberly*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BELLATOR SPORT WORLDWIDE, LLC, | Civ. A. No. 10-4091-DMC-JAD |
| Plaintiff, | Motion Date:  November 15, 2010 |
| v. | |
| ZUFFA, LLC, d/b/a/ ULTIMATE FIGHTING CHAMPIONSHIP, JONATHAN BROOKINS, MICKEY DUBBERLY, JOHN DOES 1-5, | |
| Defendants. | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MICKEY DUBBERLY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1018744_1

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................. 3

    I.      THIS COURT LACKS PERSONAL JURISDICTION
          OVER MR. DUBBERLY. ................................................................................. 3

          A.      General Jurisdiction over Mr. Dubberly is Lacking. ................................. 3

          B.      Mr. Dubberly Is Not Subject to Specific Jurisdiction
                in New Jersey. .......................................................................................... 9

          C.      Mr. Dubberly Did Not Waive His Jurisdictional Defenses. ..................... 11

          D.      Plaintiff's Request for Jurisdictional Discovery Should
                Be Denied. ................................................................................................ 13

CONCLUSION ............................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Ameripay, LLC v. Ameripay Payroll, Ltd.,
    334 F. Supp. 2d 629 (D.N.J. 2004) ................................................................7

Budget Blinds, Inc. v. White,
    536 F.3d 244 (3d Cir. 2008) .........................................................................8

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985) ......................................................................................8

Cedar v. Centex Homes, LLC,
    No. 07-00756, 2007 WL 2416440 (D.N.J. Aug. 21, 2007) .........................14

Construcciones Haus Soceidad v. Kennedy Funding Inc.,
    No. 07-0392, 2008 WL 1882857 (D.N.J. Apr. 24, 2008) ...........................12

Consult Urban Renewal Dev. Corp. v. T.R. Arnold & Assoc., Inc.,
    No. 06-1684, 2009 WL 1969083 (D.N.J. July 1, 2009) .............................11

D'Elia v. Grand Caribbean Co., Ltd.,
    No. 09-1707, 2010 WL 1372027 (D.N.J. Mar. 30, 2010) ..........................11

DAG Jewish Directories, Inc. v. Hebrew English Yellow Pages,
    No. 09-33, 2009 WL 983026 (D.N.J. Apr. 13, 2009) .................................12

Eurofins Pharma US Holdings v. Bioalliance Pharma, S.A.,
    --- F.3d ----, 2010 WL 3960583 (3d Cir. Oct. 12, 2010) .....................11, 13

Food Sciences Corp v. Nagler,
    No. 09-1798, 2010 WL 1186203 (D.N.J. Mar. 22, 2010) .....................5, 6, 7

Gianfredi v. Hilton Hotels Corp.,
    No. 08-5413, 2010 WL 1381900 (D.N.J. Apr. 5, 2010) ...............................5

Gourmet Video, Inc. v. Alpha Blue Archives, Inc.,
    No. 08-2158, 2008 WL 4755350 (D.N.J. Oct. 29, 2008) .............................5

Howard Johnson Intern., Inc. v. DKS, LLC,
    No. 08-2316, 2009 WL 2595685 (D.N.J. Aug. 4, 2009) ............................11

IMO Industries, Inc. v. Kiekert AG,
    155 F.3d 254 (3d Cir. 1998) .......................................................................10

In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.,
    15 F.3d 1230 (3d Cir. 1994) .......................................................................11

ii

Kubin v. Orange Lake Country Club, Inc.,
     No. 10-1643, 2010 WL 3981908 (D.N.J. Oct. 8, 2010) ............................................4

Lawn Doctor, Inc. v. Branon,
     No. 07-4735, 2008 WL 2064477 (D.N.J. May 14, 2008).......................................9

Leja v. Schmidt Mfg., Inc.,
     --- F. Supp. 2d ----, 2010 WL 4116695 (D.N.J. Oct. 19, 2010)................................4

LG Electronics USA, Inc. v. Seamless Interactive, LLC,
     No. 9-5178, 2010 WL 3035141 (D.N.J. Aug. 3, 2010) ...........................................4

Marten v. Goodwin,
     499 F.3d 290 (3d Cir. 2007)....................................................................................10

Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,
     107 F.3d 1026 (3d Cir. 1987)...................................................................................13

Megaparts v. HighCom Sec., Inc.,
     No. 09-4052, 2010 WL 2652494 (D.N.J. May 28, 2010).......................................14

Michael Williams Consulting LLC v. Wyckoff Heights Medical Center,
     No. 09-4328, 2010 WL 2674425 (D.N.J. June 30, 2010).......................................9

NII Brokerage v. Roadway Express, Inc.,
     No. 07-5125, 2008 WL 2810160 (D.N.J. July 18, 2008) .......................................6

O.O.C. Apparel v. Ross Stores, Inc.,
     No. 04-6409, 2006 WL 1098249 (D.N.J. Mar. 31, 2006) ....................................5, 6

Pennzoil Products Co. v. Colelli & Associates, Inc.,
     149 F.3d 197 (3d Cir. 1998)....................................................................................10

Prinzivalli v. Aruba Phoenix Beach Resort,
     No. 06-6004, 2008 WL 802331 (D.N.J. Mar. 20, 2008) .......................................12

Reading v. Sandals Resorts Intern., Ltd.,
     No. 06-3511, 2007 WL 952031 (D.N.J. Mar. 28, 2007) .......................................14

Remick v. Manfredy,
     238 F.3d 248 (3d Cir. 2001)...................................................................................6, 9

Roscoe v. P.O.W. Network,
     No. 10-1043, 2010 WL 3906793 (D.N.J. Sept. 30, 2010) .......................................5

Toys "R" Us, Inc. v. Step Two, S.A.,
     318 F. 3d 446 (3d Cir. 2003)..................................................................................5, 6

1018744_1

Voltaix, LLC v. NanoVoltaix, Inc.,
    No. 09-142, 2009 WL 3230887 (D.N.J. Oct. 1, 2009) ..............................................9

Walton Mgmt Servs., Inc. v. Southeastern Freight Lines, Inc.,
    No. 07-3412, 2007 WL 3349764 (D.N.J. Nov. 9, 2007) ..........................................8

Zippo v. Manufacturing Company v. Zippo Dot Com,
    952 F. Supp. 1119 (W.D. Pa. 1997)..............................................................4, 5, 6, 7

Zuffa, LLC v. Pavia Holdings, et al.,
    No. 2:10-1427 (D. Nev. Filed Aug. 23, 2010).........................................................8

**STATUTES AND RULES**

Fed. R. Civ. P. 12(b)(2)...............................................................................................1

N.J.A.C. 13:46-6.10 ....................................................................................................7

N.J.S.A. 5:2A-14.........................................................................................................7

**OTHER AUTHORITIES**

4A Wright & Miller, Federal Practice and Procedure § 1073.1 (2010)......................5, 7

U.S. Const. amend XIV .............................................................................................2

1018744_1

Defendant Mickey Dubberly ("Mr. Dubberly"), through undersigned counsel, respectfully submits this reply memorandum of law in further support of his motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

As Mr. Dubberly made clear in his opening brief, and as Plaintiff does not dispute, Mr. Dubberly has not conducted any business in New Jersey, has not derived any profit from any New Jersey-based activities, has no physical or financial presence within New Jersey, and has not engaged in a single professional contact with the state. Nor is it disputed that not a single event relevant to this lawsuit occurred in New Jersey.

Notwithstanding the total absence of connection between Mr. Dubberly and the forum, Plaintiff argues that jurisdiction is appropriate because of his potential and entirely hypothetical contacts with New Jersey. More specifically, Plaintiff relies on the fact that Mr. Dubberly could have (1) engaged in business transactions with New Jersey residents via two websites he operates; and could have (2) received an economic gain from fights taking place in New Jersey. Plaintiff also argues that several forum selection clauses – contained in contracts signed not by Mr. Dubberly, but by several fighters he manages – are somehow relevant to the jurisdictional analysis. None of these purported facts, even if true, come close to establishing that jurisdiction exists over Mr. Dubberly in New Jersey.

As an initial matter, the most notable thing about the somewhat random list of facts assembled by Plaintiff is that it lacks even a single alleged contact between Mr. Dubberly and the forum. Any individual – and in particular, any individual who operates a website – of course has the potential to do business in another forum, but that has never been held to be sufficient to confer general jurisdiction over a non-resident defendant. Instead, the question remains – as it does in all cases involving general jurisdiction – whether a defendant's contacts

with the forum are "continuous and systematic" as required by due process clause of the Fourteenth Amendment. Here, as noted above, Plaintiff has failed to allege that Mr. Dubberly had any connection with New Jersey at all, let alone the type of pervasive contacts required to give rise to general jurisdiction. Plaintiff's argument that general jurisdiction nonetheless exists is contrary not only to binding Third Circuit precedent but also arguments made by Plaintiff in another case just weeks ago.

Nor may this Court exercise specific jurisdiction over Mr. Dubberly. Plaintiff argues that it was prevented from seeking an injunction against Mr. Brookins in New Jersey, but this allegation fails to establish that Plaintiff – a corporation headquartered in Illinois – felt the brunt of the alleged harm in this state. Even assuming that Plaintiff felt harm in New Jersey, Plaintiff's attempt to establish specific jurisdiction over Mr. Dubberly necessarily fails because of the complete absence of any allegation that Mr. Dubberly expressly aimed his conduct at the forum.

Plaintiff's final argument – that Mr. Dubberly waived his jurisdictional defenses by managing Mr. Brookins, whose contract with Plaintiff contained a forum selection clause – is similarly defective. Although non-signatories are sometimes bound by forum selection clauses, the evidence is clear that Mr. Dubberly is not a third party beneficiary of Mr. Brookins' agreement with Plaintiff. Mr. Dubberly was not Mr. Brookins' manager at the time of the contract's execution, and thus the parties could not possibly have intended to enter the agreement for his benefit. Moreover, the terms of the contract itself display absolutely no intention to benefit any person apart from the parties to the agreement.

Finally, this Court should reject Plaintiff's application for jurisdictional discovery. Mr. Dubberly's affidavits conclusively demonstrate his lack of connections with New Jersey, and

Plaintiff's request for discovery is simply an attempt to fish for the requisite jurisdictional contacts. Because Plaintiff has alleged no facts remotely suggesting that personal jurisdiction exists over Mr. Dubberly, and because it has made no showing that discovery could augment its deficient showing, Mr. Dubberly's motion to dismiss should be granted.

## ARGUMENT

### I.    THIS COURT LACKS PERSONAL JURISDICTION OVER MR. DUBBERLY.

#### A.    General Jurisdiction Over Mr. Dubberly Is Lacking.

The affidavits filed by Mr. Dubberly in support of his motion to dismiss make clear that he has had not a single business contact with New Jersey, let alone the type of "systematic and continuous" contacts required for the exercise of general jurisdiction.   In particular, Mr. Dubberly (1) does not manage any fighters who live in New Jersey; (2) is not licensed as a manager in New Jersey; (3) has never negotiated a New Jersey fight; (4) does not specifically advertise in New Jersey or solicit fighters in New Jersey; (5) has no property in New Jersey; (6) does not pay taxes in New Jersey; and (7) has been to New Jersey once, for a single day, on vacation. (See October 8, 2010 Affidavit of Mickey Dubberly in Support of His Motion to Dismiss ("Dubberly Oct. Aff.") at ¶¶ 5-11.)

Plaintiff does not contest any of these facts.   Instead, Plaintiff argues that this Court may exercise general jurisdiction over Mr. Dubberly primarily because of his alleged operation of the websites of two companies: (1) K.O. Dynasty, an MMA management company of which Mr. Dubberly is CEO and (2) a2zBigLoans, an organization that facilitates loans between applicants and financial institutions.[1]   More specifically, Plaintiff asserts that the K.O.

---

[1]   Evidently grasping at straws, Plaintiff erroneously argues that the a2zBigLoans website provides "a facsimile number listed for A2ZBigLoans.com which is set forth directly below the text showing that loans are given in New Jersey is (516) 658-3105." In fact, the area code listed on the website is a (561) number – Mr. Dubberly's area code in Florida (see November 5, 2010

3

Dynasty website "solicits" fighters, advertisers, and sponsors from New Jersey, and that atozbigloans.com "solicits" loan applications from New Jersey. (See Opp. at 12)  Plaintiff does not, however, claim that any of these alleged solicitations led to any commercial transactions with forum residents, and Mr. Dubberly's affidavits attest that the alleged solicitations have not resulted in a single loan to a New Jersey resident, a single sponsorship or advertisement from a New Jersey entity, or a single agreement with a fighter residing in New Jersey. See Dubberly Nov. Aff. at ¶¶ 4-6.   Notwithstanding this lack of commercial or contractual relationships, Plaintiff alleges that Mr. Dubberly's solicitations are jurisdictionally sufficient under Zippo v. Manufacturing Company v. Zippo Dot Com, 952 F. Supp. 1119 (W.D. Pa. 1997), which holds that a sufficiently interactive website may establish personal jurisdiction over its operator.   As explained below, Plaintiff's arguments are both factually and legally baseless.

First, Plaintiff does not even attempt to argue that the alleged solicitation of forum residents via either website demonstrates the "very high threshold of business activity" required to establish general jurisdiction. See LG Electronics USA, Inc. v. Seamless Interactive, LLC, No. 09-95178, 2010 WL 3035141, at *3 (D.N.J. Aug. 3, 2010) (citing Compagnie des Bauxites de Guinea v. Ins. Co. of N. America, 651 F.2d 877, 891 n. 2 (3d Cir. 1981)).  In fact, the law is precisely the opposite, as courts have repeatedly recognized that mere solicitations are insufficient to establish general jurisdiction. See, e.g., Leja v. Schmidt Mfg., Inc., --- F. Supp. 2d ----, 2010 WL 4116695, at *7 (D.N.J. Oct. 19, 2010); Kubin v. Orange Lake Country Club, Inc., No. 10-1643, 2010 WL 3981908, at *3 (D.N.J. Oct. 8, 2010) ("[M]ere solicitation of business within a state does not in itself constitute the level of 'doing business' necessary to satisfy the

---

Affidavit of Mickey Dubberly in Support of His Motion to Dismiss ("Dubberly Nov. Aff.") at ¶ 3) and even if the area code was (516), this is an area code in Long Island, New York, not New Jersey.

requirements of personal jurisdiction."); Roscoe v. P.O.W. Network, No. 10-1043, 2010 WL 3906793, at *3 (D.N.J. Sept. 30, 2010).  This is all the more true where, as here, the alleged solicitations are accomplished not through the specific targeting of forum residents but rather through universally available internet websites.  A finding that general jurisdiction existed over Mr. Dubberly based on his alleged internet activity would directly contradict the Third Circuit's admonition that "the mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world."  See  Toys "R" Us, Inc. v. Step Two, S.A., 318 F. 3d 446, 454 (3d Cir. 2003); see also Gianfredi v. Hilton Hotels Corp., No. 08-5413, 2010 WL 1381900, at *5  (D.N.J. Apr. 5, 2010) ("[C]ourts regularly decline to exercise general jurisdiction based on . . . interactive websites.").

> Second, Plaintiff's argument that the exercise of general jurisdiction is appropriate under the Zippo test overlooks the fact that the test is utilized only to determine if specific jurisdiction exists.  See Zippo Manufacturing Co., 952 F. Supp. at 1122 ("[The plaintiff] concedes that if personal jurisdiction exists in this case, it must be specific.") (emphasis added); See also Toys "R" Us, Inc., 318 F. 3d at 451 ("The precise question raised by this case is whether the operation of a commercially interactive web site accessible in the forum state is sufficient to support specific personal jurisdiction.") (emphasis added); Food Sciences Corp v. Nagler, No. 09-1798, 2010 WL 1186203, at *2-4 (D.N.J. Mar. 22, 2010) (applying Zippo test to determine existence of specific jurisdiction); Gourmet Video, Inc. v. Alpha Blue Archives, Inc., No. 08-2158, 2008 WL 4755350, at *5 (D.N.J. Oct. 29, 2008) (same); O.O.C. Apparel v. Ross Stores, Inc., No. 04-6409, 2006 WL 1098249, at *2 (D.N.J. Mar. 31, 2006) (same); 4A Wright & Miller, Federal Practice and Procedure § 1073.1 (2010) ("[I]n theory the Zippo sliding scale approach should be of little value in a general jurisdiction analysis.").  Whether there exist "bare

5

minimum contacts" sufficient for the exercise of specific jurisdiction has no bearing on whether a defendant's forum-related activities are sufficiently "extensive and pervasive" such that general jurisdiction is present.  See NII Brokerage v. Roadway Express, Inc., No. 07-5125, 2008 WL 2810160, at *6 (D.N.J. July 18, 2008); see also O.O.C. Apparel, Inc., 2006 WL 1098249, at *3 ("The threshold for the exercise of general jurisdiction [] is significantly higher than for the exercise of specific jurisdiction.").

Third, even assuming the Zippo test applies, irrefutable evidence establishes that Mr. Dubberly's alleged contacts with the forum are insufficient to give rise to general jurisdiction.  As the Third Circuit has explained, the Zippo test may be satisfied where a web site operator (1) "intentionally targets the site to the forum" or (2) "knowingly conducts business with forum residents via the site." Toys "R" Us, Inc., 318 F.3d at 452.  Here, Plaintiff alleges not that Mr. Dubberly's websites are specifically directed to New Jersey residents but only that the sites may be accessed anywhere, including New Jersey; as the Third Circuit has held, an allegation of universal access is insufficient to show intentional targeting.  See, e.g., Remick v. Manfredy, 238 F.3d 248, 259 (3d Cir. 2001) ("Given that the website was . . . accessible worldwide, there is no basis to conclude that the defendants expressly aimed their allegedly tortious activity" at the forum); Food Sciences Corp., 2010 WL 1186203, at *3 (holding that "the fact that [a] website is designed to be used by anyone in the United States" cannot support the claim that the website "targets" the forum).  Moreover, as noted above, Mr. Dubberly's affidavits attest that the alleged solicitations have not resulted in a single commercial transaction in New Jersey or with a New Jersey resident.  (See Dubberly Nov. Aff. at ¶¶ 4-6.  Needless to say, a plaintiff cannot establish that a defendant "knowingly conducts business" with the forum where the evidence establishes that the defendant has not engaged in a single commercial transaction

6

with forum residents. See, e.g., Toys "R" Us, Inc., 318 F.3d at 455 (holding that two sales to the forum were insufficient to establish personal jurisdiction); Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 635 (D.N.J. 2004) (holding that exercise of jurisdiction was inappropriate where website did not result in any sales to the forum); cf. Food Sciences Corp., 2010 WL 1186203, at *4 (holding that personal jurisdiction existed where defendant made "repeated sales to New Jersey"). Accordingly, the Zippo test, even if improperly applied in the general jurisdiction analysis, cannot establish jurisdiction over Mr. Dubberly. See 4A Wright & Miller § 1073.1 (noting that no federal court has found that general jurisdiction exists based on the Zippo test).

Fourth, Plaintiff's allegations that Mr. Dubberly "would have" collected a management fee if a fighter he managed had been placed in New Jersey (see Opp. at 12) adds nothing to the jurisdictional analysis. As an initial matter, Plaintiff fails to cite a single case supporting its illogical assertion that potential transactions with the forum state may give rise to general jurisdiction. Moreover, indisputable factual evidence makes clear that Mr. Dubberly could not, as a matter of law, have collected any fees for managing fights in New Jersey. New Jersey law explicitly provides that a "combative sports" manager who is not licensed in New Jersey may not participate "directly or indirectly" in any sporting event. See N.J.S.A. 5:2A-14. The New Jersey Administrative Code, implementing this statutory provision, forbids an unlicensed manager from "deal[ing] with any promoter" or "book[ing] or schedule[ing] a match" within the state. N.J.A.C. 13:46-6.10, 6.11. Because Mr. Dubberly is not licensed as a manager in New Jersey (see Dubberly Oct. Aff. ¶ 7), he is forbidden as a matter of law from receiving any benefit from any fights occurring in New Jersey. Thus, binding New Jersey law, not "mere[]"

chance" (see Opp. at 12), has prevented Mr. Dubberly from receiving a management fee from
fights taking place within the forum.[2]

Finally, this Court should look skeptically on Plaintiff's jurisdictional arguments,
given that Plaintiff has made directly contrary submissions before another court just weeks ago.
See Zuffa, LLC v. Pavia Holdings, et al., No. 2:10-1427 (D. Nev. Filed Aug. 23, 2010).   In that
action, Zuffa, LLC ("Zuffa") alleges that the defendants, including Bellator, conspired to
misappropriate Zuffa's trade secrets (specifically, promotional agreements, bout agreements,
sponsorship forms, and other business-related documents used by Zuffa).  In opposing Plaintiff's
motion to dismiss for lack of personal jurisdiction, Zuffa demonstrated that, among other things,
(1) Bellator operates a website that is available to Nevada residents; (2) Bellator has signed
multiple Nevada residents to fighting contacts; (3) Bellator sponsored a website contest that was
won by a Nevada resident; and (4) Bellator's CEO, Bjorn Rebney, attended an MMA awards
show in Nevada and formed a corporation in the state.  (See Affidavit of Justin Klein ("Klein
Aff."), Ex. A, at 11-14)  In reply, Bellator argued that "even where a defendant operates an
interactive website that allows residents of the forum state to exchange information and make
purchases on the website, the [p]laintiff must also show that the interactivity resulted in
substantial and systematic contacts with the forum." (See Klein Aff., Ex. B at 7 (emphasis in

_____

[2] Plaintiff also argues – without citation to a single case – that Mr. Dubberly's negotiation
of contacts containing New Jersey choice-of-law and forum selection clauses bears on the
general jurisdiction analysis. (See Opp. at 12)  As an initial matter, Plaintiff has not explained
why these contractual provisions, which do not purport to bind Mr. Dubberly, are relevant
contacts between Mr. Dubberly and the forum. (See infra p. 11-12)  Moreover, contrary to
Plaintiff's apparent belief, courts have considered forum selection and choice-of-law clauses
material and relevant only in assessing whether specific jurisdiction exists. See, e.g., Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (considering choice-of-law clause in
assessment of specific jurisdiction); Budget Blinds, Inc. v. White, 536 F.3d 244, 260-63 & n.19
(3d Cir. 2008) (same); Walton Mgmt Servs., Inc. v. Southeastern Freight Lines, Inc., No. 07-
3412, 2007 WL 3349764, at *3 (D.N.J. Nov. 9, 2007) (same).

original))  According to Plaintiff, its internet activities – even combined with its other contacts with the forum, including multiple consummated contracts with forum residents – are insufficient to establish jurisdiction.  (Id. at 7-8)  Applying Plaintiff's own articulation of the general jurisdiction test, Mr. Dubberly must be dismissed from this suit in light of Plaintiff's failure to allege that Mr. Dubberly had any contact with the forum apart from two generally accessible websites.

### B.      Mr. Dubberly Is Not Subject to Specific Jurisdiction in New Jersey.

As Mr. Dubberly stated in his opening brief, Plaintiff cannot establish specific jurisdiction over Mr. Dubberly under the effects test because Plaintiff cannot demonstrate two essential elements:  (1) that it felt the brunt of the alleged harm inflicted by Mr. Dubberly in the forum or (2) that Mr. Dubberly specifically directed his allegedly tortious activity at the forum.  (See Mem. at I.C)  In response, Plaintiff points only to the forum selection clause contained in its agreement with Mr. Brookins.  More specifically, Plaintiff alleges that Mr. Dubberly knew about the forum selection clause, and therefore knew that the concealment of Mr. Brookins' breach of the agreement would deprive Plaintiff of its right to seek injunctive relief in the forum.  (See Opp. at 15-16)  This allegation is flatly insufficient to satisfy either of the above-cited elements of the effects test.

First, the law is clear that a corporation generally feels tortious harm in its principal place of business – in Plaintiff's case, Illinois.  See, e.g., Michael Williams Consulting LLC v. Wyckoff Heights Medical Center, No. 09-4328, 2010 WL 2674425, at *6 (D.N.J. June 30, 2010); Voltaix, LLC v. NanoVoltaix, Inc., No. 09-142, 2009 WL 3230887, at *3 (D.N.J. Oct. 1, 2009); Lawn Doctor, Inc. v. Branon, No. 07-4735, 2008 WL 2064477, at *5 n.3 (D.N.J. May 14, 2008); see also Remick v. Manfredy, 238 F.3d 248, 260 (3d Cir. 2001) (holding that the brunt of harm caused by an alleged intentional business tort is felt where a defendant's "business

9

practice is based"). Although an exception exists where the alleged damage was sustained to a piece of physical property located in the forum, see Pennzoil Products Co. v. Colelli & Associates, Inc., 149 F.3d 197 (3d Cir. 1998), no case supports Plaintiff's novel suggestion that a corporation feels harm in the forum of an allegedly thwarted legal proceeding.

Second, Plaintiff's allegation that Mr. Dubberly "knew" of Plaintiff's right to seek an injunction in New Jersey cannot, as a matter of law, show that Mr. Dubberly directed his action specifically to the forum. The Third Circuit has repeatedly noted that knowledge that harm will be felt in a particular jurisdiction is insufficient to show that a defendant aimed his alleged conduct at the forum. See, e.g., Marten v. Goodwin, 499 F.3d 290, 297 (3d Cir. 2007) (holding that allegation that defendants "knew that the brunt of th[e] injury would be felt by respondent in the [s]tate in which she lives and works" was insufficient to show targeting); IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 266 (3d Cir. 1998) (holding that, to show intentional targeting, a plaintiff "must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum") (emphasis added). Accordingly, Mr. Dubberly's alleged knowledge of the contractual forum selection clause, standing alone, is insufficient to satisfy the effects test.[3]

---

[3] Plaintiff does not attempt to argue that jurisdiction is appropriate under the traditional specific jurisdiction test. As Plaintiff presumably realizes, the traditional test is not satisfied here because Plaintiff cannot establish either that Mr. Dubberly "purposefully directed his activities at the forum" or that its claims "arise out of or relate to" Mr. Dubberly's forum-related activities. See Marten, 499 F.3d at 296.

10

1018744_1

**C.**     **Mr. Dubberly Did Not Waive His Jurisdictional Defenses.**

Plaintiff's final argument is that Mr. Dubberly is a third party beneficiary of Mr. Brookins' agreement with Plaintiff and therefore bound by the agreement's forum selection clause. (See Opp. at 16)  This argument is unavailing.

As a general rule, forum selection clauses bind only the signatories to the agreement. See Eurofins Pharma US Holdings v. Bioalliance Pharma, S.A., --- F.3d ----, 2010 WL 3960583, at * (3d Cir. Oct. 12, 2010) (holding that party was not bound by a forum selection clause contained in an agreement to which it was not a party); In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230, 144 (3d Cir. 1994) (noting "ordinary principle[] of contract interpretation" that only signatories are bound by an agreement).

In certain rare instances, however, a third party to a contract – for example, a third party beneficiary – may sometimes be bound by the contract's terms.  Howard Johnson Intern., Inc. v. DKS, LLC, No. 08-2316, 2009 WL 2595685, at *3 (D.N.J. Aug. 4, 2009).  Under New Jersey law, a party qualifies as a third party beneficiary only if a contract was "made for the benefit of that third party."  D'Elia v. Grand Caribbean Co., Ltd., No. 09-1707, 2010 WL 1372027, at *4 (D.N.J. Mar. 30, 2010).  In assessing whether the contracting parties intended to benefit the third party, "the intent of the parties at the time the contract is signed" is determinative.  See, e.g., Consult Urban Renewal Dev. Corp. v. T.R. Arnold & Assoc., Inc., No. 06-1684, 2009 WL 1969083, at *2 (D.N.J. July 1, 2009).  For several reasons, Mr. Dubberly cannot be bound as a third party beneficiary of Mr. Brookins' agreement with Plaintiff.

First, the contract evidences no intent whatsoever to benefit Mr. Dubberly – or, for that matter, any manager of Mr. Brookins.  Indeed, the contract mentions managers only once, stating that Mr. Brookins is "responsible for his own actions and expenses, including . . . managers."  Thus, far from demonstrating an intent to benefit Mr. Brookins' manager, the

11

contract explicitly excludes the managerial relationship from the scope of the agreement. Accordingly, Mr. Dubberly, as Mr. Brookins manager, is, at most, an incidental beneficiary of the agreement and consequently cannot be bound by its terms.  See, e.g., Construcciones Haus Soceidad v. Kennedy Funding Inc., No. 07-0392, 2008 WL 1882857, at *3 (D.N.J. Apr. 24, 2008).

Second, as Plaintiff concedes, Mr. Dubberly was not Mr. Brookins' manager at the time the agreement was executed (See Compl. ¶ 17 (referring to Mr. Dubberly as Brookins "now manager"; Dubberly Oct. Aff. at ¶ 4)  It defies logic for Plaintiff to argue that the contracting parties intended to benefit Mr. Dubberly, who became Mr. Brookins' manager more than six months after the contract was executed (see Dubberly Oct. Aff. at ¶ 4).  See, e.g., DAG Jewish Directories, Inc. v. Hebrew English Yellow Pages, No. 09-33, 2009 WL 983026, at *5 (D.N.J. Apr. 13, 2009) (holding that forum selection clause could not bind corporation that did not exist at the time the agreement was executed).

Third, Plaintiff's assertion that Mr. Dubberly is reaping a "substantial benefit" from the agreement (see Opp. at 17) is both false and irrelevant.  As Mr. Dubberly has sworn, he has received no benefit, monetary or otherwise, arising from or relating to Mr. Brookins' agreement with Plaintiff.  (See Dubberly Nov. Aff. at ¶ 7)  Moreover, even if Mr. Dubberly had derived a benefit, the key question is whether that benefit was intended by the contractual parties or merely incidental to the agreement, an issue on which Plaintiff has offered absolutely no evidence. See, e.g., Prinzivalli v. Aruba Phoenix Beach Resort, No. 06-6004, 2008 WL 802331, at *2 (D.N.J. Mar. 20, 2008).  Accordingly, Plaintiff's argument that Mr. Dubberly has implicitly waived his jurisdictional defenses by becoming Mr. Brookins' manager must be rejected.

12

**D.      Plaintiff's Request for Jurisdictional Discovery Should Be Denied.**

Perhaps sensing the weakness of its jurisdictional showing, Plaintiff requests jurisdictional discovery to "flesh out the scope of [Mr.] Dubberly's contacts with New Jersey." (See Opp. at 20)  In particular, Plaintiff seeks discovery on "what efforts have been made to book fighters in New Jersey, what inquiries the websites have generated from New Jersey, what local inquiries [Mr.] Dubberly has reviewed from New Jersey." (Id. at 20 n.7)  This Court should deny Plaintiff's request.

As the Third Circuit has recently made clear, jurisdictional discovery should be permitted only when a plaintiff "presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." Eurofins Pharma, 2010 WL 3960583, at *6.  Where a plaintiff seeks to "undertake a fishing expedition based only upon bare allegations," jurisdictional discovery should be disallowed. Id.  The Third Circuit has also made clear that any presumption in favor of jurisdictional discovery is "reduced" where the defendant is an individual. See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1987) ("[J]urisdictional discovery generally relates to corporate defendants and the question of whether they are doing business in the state.").

Here, Plaintiff's request for jurisdictional discovery must be rejected as an attempt to fish for the requisite jurisdictional contacts.  Mr. Dubberly's affidavits make clear that he has had no business relationships with any person or entity residing in the forum, nor has he profited from any fights taking place within the state. (See Dubberly Oct. Aff. ¶¶ 8-10; Dubberly Nov. Aff. ¶¶ 4-6)  Indeed, as noted above, Mr. Dubberly is prohibited from participating "directly or indirectly" in any combative sporting event within New Jersey. (See supra p. 7)  Thus, jurisdictional discovery could establish, at most, that Mr. Dubberly reviewed or responded to

13

"inquiries" from the forum state.  Because these facts, even if true, are patently insufficient to justify the exercise of personal jurisdiction over Mr. Dubberly (see supra p. 4), Plaintiff's request for jurisdictional discovery should be rejected.  See Cedar v. Centex Homes, LLC, No. 07-00756, 2007 WL 2416440, at *4 (D.N.J. Aug. 21, 2007) (rejecting request for jurisdictional discovery where defendant was not licensed to do business in New Jersey) (Cavanaugh, J.); see also Megaparts v. HighCom Sec., Inc., No. 09-4052, 2010 WL 2652494, at *4 (D.N.J. May 28, 2010) (rejecting request for jurisdictional discovery where plaintiff "failed to establish that [d]efendant's contacts with New Jersey [were] a central and substantial part of its business"); Reading v. Sandals Resorts Intern., Ltd., No. 06-3511, 2007 WL 952031, at *4 (D.N.J. Mar. 28, 2007) (denying request for jurisdictional discovery where the plaintiff failed sufficiently to allege "the existence of necessary contacts") (Greenaway, J.).

## CONCLUSION

For the foregoing reasons, Mr. Dubberly respectfully requests that this Court dismiss Plaintiff's claims against him.

Dated:   New York, New York
         November 8, 2010

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
James I. Doty
Satterlee Stephens Burke & Burke LLP
33 Wood Avenue South
Iselin, New Jersey
(212) 818-9200

Justin E. Klein, Esq.*
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10016
*Of counsel (pro hac vice application forthcoming)

*Attorneys for Defendant Mickey Dubberly*

14