NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BELLATOR SPORT WORLDWIDE, LLC, | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : | **AMENDED ORDER** |
| v. | : : | Civil Action No. 10-cv-4091 (DMC - MF) |
| ZUFFA, LLC, JONATHAN BROOKINS, MICKEY DUBBERLY, JOHN DOES 1-5, | : : : : | |
| Defendants. | : : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

Plaintiff Bellator Sport Worldwide, LLC (hereinafter, "Bellator" or "Plaintiff") commenced this diversity action on August 10, 2010 by filing a complaint against Defendants Zuffa, LLC (hereinafter, "Zuffa"), Jonathan Brookins and Mickey Dubberly. Defendant Zuffa filed a motion to dismiss for failure to state a claim on October 7, 2010 (hereinafter, "Zuffa's motion"). On May 16, 2011, Magistrate Judge Dickson filed a Report and Recommendation to this Court advising that this Court deny Zuffa's motion. For the reasons discussed herein, this Court adopts the Report and Recommendation of Magistrate Judge Dickson.

The parties were given notice that pursuant to Local Civil Rule 72.1, they had fourteen days from receipt of this Report and Recommendation to file and serve any objections. No objections were filed.

Magistrate Judge Dickson's Report and Recommendation demonstrates to this Court that Plaintiff's complaint alleges sufficient factual matter to state a plausible claim for relief on its face.  Given the standard issued by the Supreme Court in <u>Ashcroft v. Iqbal</u>, the Plaintiff need not include each and every fact necessary to prove a cause of action.  129 S. Ct. 1937 (2009).  Rather, Plaintiff must plead sufficient facts for this Court to infer that a cause of action could plausibly exist.

In the instant matter, Plaintiff asserts the following causes of action against Zuffa: tortious interference with contract (Count I) and tortious interference with prospective economic advantage (Count II).[1]  Zuffa's primary contention is that it was not aware of a contract between Plaintiff and Jonathan Brookins.  Magistrate Judge Dickson concluded that it is plausible that Zuffa knew or should have known of the contract.  This is enough to give rise to a basis for relief under the causes of action alleged by Plaintiff.  This Court concurs with Judge Dickson's conclusion.     The Court, having reviewed the Report and Recommendation and, considering that no objections were raised by Plaintiff, according to its power to accept the findings made by Magistrate Judge Dickson under 28 U.S.C. § 636(b)(1)(C) (2009), and good cause appearing, adopts Judge Dickson's Report and Recommendation as the Opinion of the Court.  <u>See also</u>, <u>N.J. Brain & Spine Cntr. v. Conn. Gen. Life Ins.</u>, No. 10-cv-4260, 2011 WL 4737063, at *2 (Oct. 6, 2011).

IT IS on this   16   day of December, 2011,

**ORDERED** that the Report and Recommendation of Magistrate Judge Dickson (ECF No.

---

[1]Plaintiff acknowledges that fraud (Count IV) is not asserted against Zuffa, but only against Michael Dubberly and Jonathan Brookins.  (Pl.'s Br. in Opp. 9, ECF No. 22.)

39) is hereby adopted as the Opinion of the Court; and it is further,

**ORDERED** Defendant's motion to dismiss for failure to state a claim is **denied**.

   s/ Dennis M. Cavanaugh    
Dennis M. Cavanaugh, U.S.D.J.

Original:    Clerk
cc:    All Counsel of Record
        Hon. Joseph A. Dickson, U.S.M.J.
        File